USDC-SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC#:
DATE FILED: 12/4/2015

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

MONTEFIORE MEDICAL CENTER,

                Plaintiff,

       v.

LOCAL 272 WELFARE FUND, *et al.*,

                Defendants.

---

No. 14-CV-10229 (RA)

ORDER ADOPTING REPORT &
RECOMMENDATION

RONNIE ABRAMS, United States District Judge:

    Plaintiff brought this action against Local 272 Welfare Fund under the Employee Retirement Income Securities Act ("ERISA") alleging that the Fund failed to pay Montefiore's urgent care claims in full. Plaintiff, as the assignee of the Fund's insurance beneficiaries, seeks monetary damages under ERISA § 502(a)(1)(B) and an injunction under § 502(a)(3). On May 14, 2015, Defendants moved under Federal Rule of Procedure 12(b)(1) to dismiss Plaintiff's second cause of action for equitable relief on the grounds that Montefiore lacks standing to seek equitable relief, or, in the alterative, that equitable relief is not available because monetary damages would fully compensate Montefiore.

    Before this Court is Magistrate Judge Netburn's October 19, 2015 Report and Recommendation. The Report recommends that the second cause of action be dismissed because the Fund beneficiaries did not assign Montefiore their rights to seek equitable relief, and, as a result, Montefiore lacks standing to seek an injunction.

    The Court hereby adopts Judge Netburn's thorough and well-reasoned Report, to which no objection was filed. "Where no timely objection has been made . . . a district court need only find that there is no clear error on the face of the record in order to accept the Report and

Recommendation." *Pineda v. Masonry Const., Inc.*, 831 F. Supp. 2d 666, 670 (S.D.N.Y. 2011) (internal quotation marks omitted). The Court has reviewed the Report and found no clear error. Accordingly, Plaintiff's second cause of action is dismissed for lack of jurisdiction. As Judge Netburn warned, the parties' failure to file timely objections to the Report has waived those objections for the purposes of appeal. *See United States v. Male Juvenile*, 121 F.3d 34, 38 (2d Cir. 1997).

The Clerk of the Court is respectfully directed to close the open entry at docket number 11.

SO ORDERED.

Dated:   December 4, 2015
         New York, New York

_____
Ronnie Abrams
United States District Judge